COMMERCIAL STATE SAVINGS BANK *v.* STEVENS.

1. Mortgages—Discharge—Construction.

 In the case of -a mortgage for $1,500, which contained the proviso that when the indebtedness of the mortgagors should be reduced to $3,500 the mortgage should be deemed satisfied, the lien was not affected before such reduction, as security for the $1,500 for which it purported to be a lien.

2. Same—Payment.

 Where defendants had never made any claim that the mortgage had been satisfied and should be discharged, and the evidence showed only that the total indebtedness had been reduced to about $3,500 and the mortgage had been recognized as in force by a written agreement between the parties, the circuit court was justified in holding that it was not satisfied.

3. Same—Admissions.

 And an admission of counsel for the complainant in his opening statement that the amount of loans and discounts upon which the defendants were liable had fallen in 1908 below $3,500, not including overdrafts, could not be treated as ˙an admission that the entire indebtedness had been reduced below the amount stated.

Appeal from Montcalm; Davis, J. Submitted June 16, 1913. (Docket No. 92.) Decided March 28, 1914.

Bill by the Commercial State Savings Bank of Greenville against Egbert G. Stevens and others to foreclose a mortgage. From a decree for complainant, defendants appeal. Affirmed.

*N. O. Griswold,* for complainant.

*R. A. Hawley,* for defendants.

McAlvay, C. J. Complainant filed its bill of complaint in the circuit court for the county of Montcalm, in chancery, against defendants, to foreclose a certain

mortgage for the sum of $1,500, dated March 10, 1905, executed by defendants Egbert G. and Mary E. Stevens, upon certain property in the city of Greenville belonging to them and occupied as a homestead. This was the usual long-form mortgage, and contained the following express condition:

"Provided always, and these presents are upon the express condition, that if the said party of the first part shall and do well and truly pay, or cause to be paid, to the said party of the second part any and all sums of money that may at any time be due to the party of the second part, its successors and assigns, from either the party of the first part, or the firm of G. W. Stevens and Son, whether such obligation now exists or is hereafter created, whether the same consists of notes, endorsements, guaranties or overdraft, according to the terms and tenor of such obligations, as therein expressed, with interest as therein provided. But when the obligation of said E. G. Stevens and George Stevens & Son is reduced to thirty five hundred dollars and does not exceed that amount, this mortgage shall be deemed satisfied and shall be discharged."

The bill of complaint avers that the firm of G. W. Stevens & Son, at the time such mortgage was executed, were indebted to complainant in the sum of $5,000, upon notes, indorsements, guaranties, and overdrafts, and that this indebtedness was increased from time to time, and finally, on May 24, 1912, when said firm became insolvent and were adjudged bankrupts, amounted to $7,000; that many of their obligations and interest thereon, together with taxes on land mortgaged, are past due and unpaid. The bill prays for a determination of the amount due and for a sale of the premises. Defendant James Gracey is their trustee in bankruptcy. Defendants Egbert G. and Mary E. Stevens answered this bill of complaint, admitting the execution and delivery of the mortgage as alleged, but averring that after the execution of said mortgage during the year 1908, the indebtedness

of Egbert G. and G. W. Stevens & Son to the complainant was reduced to less than $3,500, and thereby the mortgage by its own terms was fully satisfied and discharged; that if such indebtedness had never been so reduced, the mortgage could not be enforced as security for any sum of such indebtedness, except for the excess over $3,500. These defendants prayed in their answer, which was in the nature of a cross-bill, that the mortgage be declared fully paid and discharged, and that in case of a decree favorable to defendants, the mortgage be declared to be security only for amounts, if any, of indebtedness in excess of $3,500. A hearing was had before the court on the issue joined between complainant and defendants Egbert G. and Mary E. Stevens, which resulted in a decree in favor of complainant and against defendants, for the sum of $1,500 and interest from the date of such decree at the rate of 6 per cent. per annum. From this decree these defendants have appealed to this court.

The record shows that the firm of G. W. Stevens & Son, was composed of George W. Stevens and defendant Egbert G. Stevens, engaged in the hardware business at Greenville, Mich., and were the parties whose indebtedness was secured by the mortgage in question, and at the time it was given they were indebted to complainant upon notes, to the amount of several thousand dollars, which was represented by their several promissory notes, and by their indorsements and guaranties upon notes of their customers taken by them upon sales of hardware and discounted for them at complainant bank. At about the time of giving this mortgage defendant Egbert G. Stevens, as further security, assigned to complainant a life insurance policy, then estimated to have a surrender value of $500. It appears that G. W. Stevens & Son, after these securities were given, continued to do business with the bank in the same manner as before, and from that

time up to April 20, 1908, their indebtedness to complainant, although fluctuating in amount from time to time, gradually increased until it amounted to the sum of $4,500, and at about this time a representative of the bank interviewed both members of the firm relative to further securities, and as a result, on April 20, 1908, George W. Stevens, the senior member of the firm, to further secure the firm indebtedness, executed and delivered to complainant a mortgage of $2,000 on his individual real estate, and also assigned to complainant a certificate of telephone stock of $500. On the same date, and as part of the same transaction, complainant and the firm of G. W. Stevens & Son made and entered into the following written agreement relative to this indebtedness to complainant, which on the part of the said firm was signed by Egbert G. Stevens:

"Articles of agreement made and entered into by and between the Commercial State Savings Bank, a banking corporation organized and existing under the laws of this State and having its place of business at the city of Greenville, county of Montcalm, and State of Michigan, party of the first part, and George W. Stevens and Egbert G. Stevens, copartners doing business under the firm name and style of G. W. Stevens & Son, of said city of Greenville, Michigan, parties of the second part, witnesseth as follows:

"Whereas said parties of the second part are indebted unto said party of the first part in the sum of two thousand (2,000.00) dollars or thereabouts upon their several promissory notes and the payment of which is already secured by mortgage and which is hereinafter referred to as the original individual indebtedness of said second parties and are also indebted to said first party as indorsers or guarantor of payment or collection in the sum of two thousand and five hundred ($2,500.00) dollars upon certain promissory notes or contracts of purchase taken by said second parties of third persons and sold and transferred by said second parties to said first party and which still remain unpaid and which are hereinafter referred to as commercial or collateral indebtedness and whereas said second parties have this day

secured to the satisfaction of said first party the eventual payment and satisfaction of said commercial or collateral indebtedness, now therefore in consideration thereof said first party hath agreed and doth hereby agree to and with said second party as follows:

"*First:* That said first party shall from time to time as the same or any part thereof shall fall due extend or renew the said original or individual indebtedness of said second parties or such part thereof as they may desire for such term or terms as they may desire and not exceeding the period of three months.

"*Second:* That said first party shall from time to time as the same or any part thereof shall fall due extend or renew the several notes or obligations constituting the said commercial or collateral indebtedness for such term or terms as said second parties may desire and not exceeding the period of three months.

"*Third:* That said first party shall from time to time as said second parties may desire make loans necessary in the conduct of their business but not exceeding the sum of three hundred dollars in the aggregate and not for term to exceed ninety days at any one time.

"It is hereby understood and agreed by and between parties hereunto aforesaid that the said first party shall give said second party three months' notice whenever they see fit to have any or all of said second parties' obligation paid.

"Witness our hands the 20th day of April, A. D. 1908.

"COMMERCIAL STATE SAVINGS BANK,
"By CHARLES M. MILLER, Second Vice President.
"GEO. W. STEVENS & SON,
"By E. G. STEVENS."

Defendants and appellants contend that by the condition of the mortgage, already quoted, complainant acquired security only for so much of Egbert G. Stevens' and G. W. Stevens & Son's indebtedness to it in excess of the amount of $3,500 to the extent of $1,500 above such sum. A careful reading of this condition does not indicate to us that complainant was accepting security for anything less than the amount of

$1,500 expressed in the mortgage. It is an express agreement on the part of the mortgagors to pay to complainant any and all sums of indebtedness, of the character described, that might be due to it at any time from defendant Stevens or his firm during the life of the mortgage. The last sentence of the condition which defendants rely upon to sustain their construction reads:

"But when the obligation of said E. G. Stevens and Geo. Stevens & Son is reduced to thirty-five hundred dollars and does not exceed that amount, this mortgage shall be deemed satisfied and shall be discharged."

It is clear that the intention of the parties as here expressed was that when these obligations were reduced to the amount named, the mortgage would be fully satisfied and should be discharged, but we do not find the expression of any intent that the operation of this mortgage as a security for the $1,500 was in any respect to be affected until that time.

The principal contention of defendants is that the record shows twice during the year 1908 the indebtedness of E. G. Stevens and George Stevens & Son to complainant, being the indebtedness mentioned and described in this mortgage, the payment of which was secured by it, was reduced to the sum of $3,500. The determination of the correctness of this contention requires a careful examination of all of the evidence in the record bearing upon this proposition. Upon the hearing of this cause neither these defendants nor George W. Stevens, the senior member of the firm, were sworn as witnesses. The only testimony introduced by them in the case was that of the son of defendants Stevens, who testified that the property covered by the mortgage in suit was the homestead of said defendants. Defendants, therefore, rely entirely upon the testimony on the part of complainant to support their contention above stated. The only witness in the case who gave any testimony relative to the con-

tention that in 1908 this indebtedness was reduced below $3,500 was Mr. Miller, the vice president of complainant bank. He testified that the bank did not keep a liability register; that from the discount register he had found that in December, 1908, upon notes and discounts their liability was just a few dollars under $3,500, but that this computation was upon the face of the notes, and did not include interest on notes that had not matured, and did not take into account any overdraft; that he could not tell the exact overdraft at that time; that the books would not show it for the reason that part of it was very frequently kept as a cash item, and there usually was an overdraft. This is all the direct testimony in the case upon the subject.

Reliance appears to be placed by defendants upon the opening statement of counsel for complainant to the court as admissions that the amount of loans and discounts upon which defendants were liable during these transactions had, in 1908, fallen below the sum of $3,500. This statement was not unequivocal, but in terms was given "so far as can be gathered today from the discount register," and with the positive statement that it did not include overdrafts. It was not intended, and cannot be construed, as contended by defendants, as an admission that the amount of this indebtedness was reduced to $3,500. As bearing upon this question we find from the record that these personal notes of different dates and amounts were renewed from time to time, and consequently did not all become due at one time; also that during these transactions the notes and contracts turned over to complainant by these parties with their indorsements were small notes and numerous; that they arose from sales of hardware to customers in the course of trade; that from time to time they were paid; that sometimes they were renewed, and during all the time new notes were continually being indorsed and put into the bank and

credited to G. W. Stevens & Son. It appears, also, that all of these were interest-bearing obligations. The record further shows that at no time before the commencement of suit was any claim made by these defendants that this mortgage was satisfied, and should be discharged.

The contract made between complainant and G. W. Stevens & Son April 20, 1908, which already appears in this record, and under which the parties acted from that date until the failure of the firm, is an admission in writing that this indebtedness at the time amounted to $4,500, and in terms recognizes the mortgage in question as in full force and effect. It appears in evidence that Mrs. Stevens, who was employed in the store of G. W. Stevens & Son much of the time during these transactions with complainant, and frequently did its banking, knew of and recognized that this mortgage was in force in October, 1911; that during that month she personally brought and delivered to complainant an insurance policy dated October 11, 1908, placed by defendant Egbert G. Stevens on these premises pursuant to the terms of the mortgage. Our conclusion from all of the evidence in the case is that it appears that the amount of the indebtedness secured by this mortgage was not at any time reduced to the sum of $3,500.

It appears from the record that beside the mortgage in suit of $1,500 and the life insurance policy of $500, complainant in 1908 required further security, and received a mortgage from G. W. Stevens of $2,000, and his telephone stock of $500, making all these securities $4,500. After the bill was filed, and up to December 20, 1912, there had been collected by complainant upon these securities, and upon some of the collateral notes, $1,452.72. Upon that date, which was but three days before the hearing, the entire amount of the balance due complainant upon personal and collateral indebtedness was the sum of $4,122.41.

The trial court held that the mortgage in suit remained in force as a security for the full amount of $1,500, and granted complainant a decree for that amount, with interest at 6 per cent. per annum after the decree, together with costs to be taxed. A decree in the usual form, providing for a sale of said premises in case of default in payment of that amount, was duly entered. We agree with the learned trial judge in his construction of the condition of the mortgage, and also upon his findings upon the evidence.

It will not be necessary to discuss other questions presented.

The decree of the circuit court is affirmed, with costs.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.